# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| Michael McFarland, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-1221-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| Michael R. Long, *et al.* | ) | |
| | ) | |
| Defendants, and | ) | |
| | ) | |
| Payment Data Systems, Inc. | ) | |
| | ) | |
| Nominal Defendant. | ) | |

Before the Court are the Motions to Dismiss, (ECF Nos. 21, 34), filed by Defendants Louis A. Hoch, Larry Morrison, Kenneth Keller, and Nominal Defendant Payment Data Systems, Inc.  Plaintiff Michael McFarland has failed to respond to these Motions, and the respective deadlines to do so have passed.

## I.   BACKGROUND

The Complaint in this action was filed on June 26, 2015. (ECF No. 1).  In their Motions, Defendants and Nominal Defendant Payment Data Systems argue that the Complaint should be dismissed for lack of proper service, as well as several other procedural defects. (ECF Nos. 21, 34).

## II.   DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  The Ninth Circuit has held, "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see also, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930, at *1

(D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to these Motions has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on its merits.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motions to Dismiss, (ECF Nos. 21, 34), are **GRANTED**.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**  The Clerk shall enter judgment accordingly and close the case.

**DATED** this ___5___ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court